O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAFAEL A. DOMINGUEZ,<br><br>        Plaintiff,<br><br>    v.<br><br>CAROLYN W. COLVIN,<br>COMMISSIONER OF SOCIAL<br>SECURITY ADMINISTRATION,<br><br>        Defendant. | Case No. ED CV 15-1587 JCG<br><br>**MEMORANDUM OPINION AND ORDER** |

Rafael A. Dominguez ("Plaintiff") challenges the Social Security Commissioner's decision denying his application for disability benefits. Two issues are presented for decision here:

    1.    Whether the Administrative Law Judge ("ALJ") improperly assigned weight to an examining physician's opinion (*see* Joint Stip. at 3-9); and

    2.    Whether the ALJ properly rejected Plaintiff's credibility (*see id.* at 15-18).

The Court addresses Plaintiff's contentions below, and finds that reversal is not warranted.

//

### A. The ALJ Properly Assigned Weight to the Examining Physician's Opinion

Plaintiff contends that the ALJ improperly assigned "great weight" to the opinion of orthopedic consultative examining physician Dr. Robert J. MacArthur. (*See* Joint Stip. at 3-9; Administrative Record ("AR") at 23-24.) Dr. MacArthur opined that Plaintiff could perform medium work. (AR at 397-403.)

Preliminarily, as a matter of law, the Court must affirm the Commissioner's decision if it is based on proper legal standards and the findings of fact are supported by substantial evidence in the "record as a whole." *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). Further, "[w]hen the evidence before the ALJ is subject to more than one rational interpretation, [the Court] must defer to the ALJ's conclusion." *Batson v. Comm'r Soc. Sec. Admin.*, 359 F.3d 1190, 1198 (9th Cir. 2004).

As a rule, the ALJ generally must "indicate the amount of weight given to . . . items of evidence[.]" *Albalos v. Sullivan*, 907 F.2d 871, 874 (9th Cir. 1990) (quoting *Lewin v. Schwieker*, 654 F.2d 631, 635 (9th Cir. 1981)). In evaluating medical opinion evidence, an ALJ need not give each opinion equal weight; instead, the value of each is determined by considering a number of factors, including the source. *See Tapia v. Colvin*, 520 F. App'x 600, 601 (2013); 20 C.F.R. §§ 404.1527(c), 416.927(c).

Here, the ALJ provided at least four valid reasons for assigning "great weight" to Dr. MacArthur's opinion. (AR at 24.)

First, Dr. MacArthur personally observed and examined Plaintiff. (AR at 24, 397-403); *see Holohan v. Massanari*, 246 F.3d 1195, 1202 (9th Cir. 2001) (in general, more weight is given to opinions of medical sources who have actually examined and/or treated the claimant); *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001) ("[Examining physician's] opinion alone constitutes substantial evidence, because it rests on his own independent examination of [claimant].").

//

Second, Dr. MacArthur's opinion was consistent with his own objective findings from the examination. (AR at 24); *see Shavin v. Comm'r of Soc. Sec. Admin.*, 488 F. App'x 223, 224 (9th Cir. 2012) (treating physician's opinions should have been given greater weight in part because they were internally consistent); 20 C.F.R. §§ 404.1527(c)(3), 416.927(c)(3) ("The more a medical source presents relevant evidence to support an opinion, particularly medical signs and laboratory findings, the more weight we will give that opinion."). Specifically, the opinion was consistent with (1) negative paraspinal spasms findings; (2) an unremarkable lumbar spine x-ray; (3) no gross focal neurological deficits findings; and (4) Plaintiff's questionable effort in the physical examination. (*Id.* at 397, 399-401.)

Third, Dr. MacArthur's opinion was consistent with the State agency medical consultants' determinations that Plaintiff was not disabled. (AR at 24, 46-63, 66-85); *see also Shavin*, 488 F. App'x at 224 (treating physician's opinions should have been given greater weight in part because they were consistent with another physician's analysis); *Batson*, 359 F.3d at 1197 (permissible for ALJ to assign given weight "in light of the objective medical evidence and the opinions and observations of other doctors").

Fourth, Dr. MacArthur's opinion was consistent with the record "as a whole." (AR at 24); *see Magallanes*, 881 F.2d at 750; *Batson*, 359 F.3d at 1197. Specifically, the opinion was consistent with (1) treatment notes, (2) Plaintiff's medication usage; (3) laboratory findings; and (4) Plaintiff's ongoing clinical presentation. (*See id.* at 24, 242, 247, 252-54, 260, 263-68, 272, 280, 320-22, 330, 361, 366, 382-84, 406, 408, 410, 415, 421, 428, 436, 452, 456, 464, 479, 482, 484.)

//

//

B. <u>The ALJ Properly Assessed Plaintiff's Credibility</u>

Plaintiff contends that the ALJ improperly assessed his credibility. (*See* Joint Stip. at 15-18.)

As a rule, an ALJ may reject a claimant's credibility "only upon (1) finding evidence of malingering, or (2) expressing clear and convincing reasons for doing so." *Benton v. Barnhart*, 331 F.3d 1030, 1040 (9th Cir. 2003). "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Brown-Hunter v. Colvin*, 806 F.3d 487, 493 (9th Cir. 2015) (citation and internal quotation marks omitted).

1. <u>Evidence of Malingering</u>

As an initial matter, the ALJ was entitled to reject Plaintiff's testimony without providing clear and convincing reasons because there was affirmative evidence of malingering. *See Benton*, 331 F.3d at 1040; *Watkins v. Comm'r Soc. Sec. Admin.*, 611 F. App'x 903, 904 (9th Cir. 2015) (ALJ did not err in rejecting subjective testimony when record contained affirmative evidence suggesting claimant was malingering). As mentioned, Dr. MacArthur doubted Plaintiff's credibility due to his poor effort during the examination. (AR at 397, 400.) Additionally, (1) Dr. MacArthur noted that Plaintiff used a cane at the examination that was not medically necessary; (2) Dr. MacArthur stated that Plaintiff did not appear to actually be in acute or chronic distress; and (3) other reviewing doctors noted Plaintiff's "poor effort and embellishment of symptoms." (*Id.* at 50-52, 59-60, 71, 81, 83, 213 (Plaintiff's exertional questionnaire admitting he does not use a cane), 265, 399.)

2. <u>Clear and Convincing Reasons for Rejecting Plaintiff's Credibility</u>

Additionally, despite having no need to do so, *see Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995), the ALJ provided at least four clear and convincing reasons for discounting Plaintiff's testimony.

First, Plaintiff received routine and conservative treatment consisting of medication and physical therapy.[1] (AR at 18-23, 35-36, 272-73, 331, 351, 363, 406, 456, 480, 482, 484); *see Parra v. Astrue*, 481 F.3d 742, 751 (9th Cir. 2007) ("[E]vidence of 'conservative treatment' is sufficient to discount a claimant's testimony regarding severity of an impairment.") (citation omitted); *Edginton v. Colvin*, 625 F. App'x 334, 336 (9th Cir. 2015) (ALJ properly relied on claimant's "routine and conservative" back treatment, which generally consisted of medication and transcutaneous electrical nerve stimulation).

Second, Plaintiff responded favorably to treatment. (AR at 18-23, 34-37, 263, 270, 272, 275-78, 281, 361, 364, 406, 427, 440, 446, 453-54, 456, 466, 469, 476, 478, 482, 484); *see Tommasetti v. Astrue*, 533 F.3d 1035, 1040 (9th Cir. 2008) (ALJ properly rejected claimant's subjective complaints where medical records showed that she responded favorably to conservative treatment of physical therapy and medication); *Warre v. Comm'r Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006) ("Impairments that can be controlled effectively with medication are not disabling[.]").

Third, there were significant gaps in Plaintiff's treatment.[2] (AR at 22-23; *see also* AR at 18-21.); *see Marsh v. Colvin*, 792 F.3d 1170, 1173 n.2 (9th Cir. 2015) (ALJ properly considered treatment gap in assessing claimant's credibility); *Burch v.*

---

[1] Plaintiff fails to discuss, or even acknowledge, the ALJ's credibility findings related to his treatment. *See Greger v. Barnhart*, 464 F.3d 968, 973 (9th Cir. 2006) (claimant waived issues not raised before the district court); *Owens v. Colvin*, 2014 WL 5602884, at *4 (C.D. Cal. Nov. 4, 2014) (claimant's failure to discuss, or even acknowledge, ALJ's reliance on certain reasons waived any challenge to those aspects of ALJ's credibility finding).

[2] Notably, Plaintiff makes no attempt to dispute the factual assertions regarding the gaps in treatment – including the more than five-month delay in treatment for his back – outlined by the Commissioner and the ALJ. (Joint Stip. at 19; AR at 22-23, 189, 192-94, 217-18, 227, 251, 330, 413); *see Greger*, 464 F.3d at 973; *Schoonmaker v. Colvin*, 2015 WL 6658669, at *5 (D. Or. Oct. 30, 2015) (agreeing with Commissioner that ALJ made permissible inferences regarding intensity and persistence of symptoms based on amount and type of treatment, and that Plaintiff failed to dispute the factual assertions regarding gaps in treatment).

*Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005) (ALJ properly relied on three- to four-month treatment gap in partially discrediting claimant's testimony).

      Fourth, and finally, Plaintiff's allegations of severe symptoms contradicted the objective and diagnostic findings of record. (AR at 22-23); *see Rollins v. Massanari*, 261 F.3d 853, 856-57 (9th Cir. 2001) (inconsistencies with objective evidence, when combined with other factors, are valid reasons for rejecting a claimant's testimony). For example, Plaintiff had a number of normal findings, including (1) those made by Dr. MacArthur; (2) multiple physical examinations within the normal range; and (3) an x-ray showing discogenic changes along with evidence of osteoarthritis, but no evidence of fracture or malalignment. (*Id.* at 242, 247, 252-54, 260, 263-68, 272, 280, 320-22, 330, 361, 366, 382-84, 406, 408, 410, 415, 421, 428, 436, 452, 456, 464, 479, 482, 484.)

      Thus, the ALJ properly discounted Plaintiff's credibility.[3]

//

//

//

---

[3] Plaintiff primarily discusses two factors in attacking the credibility determination: the ALJ's reliance on (1) daily activities, and (2) Plaintiff quitting work before his onset date for reasons unrelated to disability. (*See* Joint Stip. at 15-16; AR 22-23.) In light of the four valid reasons for rejecting the testimony discussed above, any error in the ALJ's reliance on those additional factors is harmless. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008) (when ALJ provides specific reasons for discounting claimant's credibility, decision may be upheld even if certain reasons were invalid as long as "remaining reasoning and ultimate credibility determination" were supported by substantial evidence (emphasis omitted)); *Strutz v. Colvin*, 2015 WL 4727459, at *7 (D. Or. Aug. 10, 2015) (upholding credibility finding because ALJ provided at least one valid reason to discount claimant's testimony).

Based on the foregoing, **IT IS ORDERED THAT** judgment shall be entered **AFFIRMING** the decision of the Commissioner denying benefits.

DATED: 8·23·2016

_____
Hon. Jay C. Gandhi
United States Magistrate Judge

\*\*\*

**This Memorandum Opinion and Order is not intended for publication. Nor is it intended to be included or submitted to any online service such as Westlaw or Lexis.**

\*\*\*